SHELL OIL COMPANY *v.* MILLER.

4-9796                                   248 S. W. 2d 698

Opinion delivered May 12, 1952.

*Gaughan, McClellan & Gaughan*, for appellant.

*Surrey E. Gilliam*, for appellee.

WARD, J.  James Dean Miller, as an employee of the Shell Oil Company, was injured on the 7th of April, 1949, while attempting to cut a limb above his head.  On his second attempt to cut the limb with a brush hook he was seized with a sudden pain under his left arm, and the pain soon spread to his chest, abdomen, back and legs. After trying to continue work for something like thirty minutes he was forced to quit and he was taken to a hospital.

At the hospital he was operated on for a ruptured peptic ulcer, but the operation proved this diagnosis to be false.  Soon after recovering from the antithetic incidental to the operation he was seized with pain in his entire body, including his right arm.

One doctor thought appellee's injury was the result of a spider bite, but this was ruled out by another doctor. The record contains the testimony of several doctors with conflicts to some extent, but all doctors agree that appellee is afflicted with causalgia.  It is also agreed that causalgia affects the nerves in some manner and is accompanied by pain or a burning sensation.

Appellee has been treated by several doctors and in different hospitals, but has never recovered.  His claim is now based on temporary total disability affecting his right hand.

It is stipulated that the relationship of employer and employee existed at the time of the injury and that appellant has complied with the Workmen's Compensation Law as a self insurer.

The Commission and the Circuit Court found that appellee was entitled to compensation.  This appeal by the Shell Oil Company presents only the question whether there is substantial evidence to support the finding of the Commission.

In our opinion the determination of the Commission is supported by substantial evidence. Dr. George B. Fletcher examined appellee and thought his symptoms were the result of trauma to nerves sustained when the patient assumed an unusual position in doing his work, i. e., in thrusting his arm upward and forward to cut the limb; he found nothing to bring on causalgia other than the patient stretching and straining; and he was positive the injury resulted from this activity because it occurred immediately after having gone through the motion of cutting the limb, and was not present prior thereto. This testimony was corroborated by other medical testimony and also by citations from medical texts. One doctor, in particular, disagreed on the ground that the pain in appellee's right arm did not occur for some time after the injury but he stated that causalgia could be caused by damage to the nerve trunks, resulting in infection, stretching, or bruise, and he agreed with authorities that causalgia may result from a forceful stretch of a nerve. The Commission was fully justified in accepting the positive testimony of Dr. Fletcher and other doctors.

For the reasons stated above the judgment of the lower court is affirmed.